# Susan E. Davenport's Appeal.

## Malinda Phillips' Estate.

Where a deed to the grantor's sister is not delivered until after the grantor's death, the real estate conveyed by it is subject to collateral inheritance tax.

(Argued May 9, 1888.  Decided May 21, 1888.)

January Term, 1888, No. 238, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.  Appeal from a decree of the Orphans' Court of Fayette County dismissing an appeal from the register's assessment of collateral inheritance tax, March term, 1887, No. 56.  Affirmed.

From the evidence before the court below the following facts appeared:

On December 8, 1865, Malinda Phillips executed and acknowledged a deed to her sister, Mrs. Lavina Patterson, in fee, for a tract of land situate in Nicholson township, Fayette county, Pennsylvania, containing 118 acres and 88 perches.  The deed was in the usual form, expressed to have been "sealed and delivered in the presence of" Almira B. Williams and Thomas Williams, both of whom are now dead.  The brick house on the farm had been built in 1850 or 1851 with money mainly supplied by Mrs. Patterson, and from that time until their respective deaths, Mrs. Patterson and Miss Phillips resided in this house.  In the spring of 1864, Dr. H. B. Arnold, the son-in-law of Mrs. Patterson, went into possession of the farm, and from that time until the spring of 1886 paid all the taxes on the property and had absolute control of it without restriction or instruction, so far as Miss Phillips was concerned, making valuable improvements.  Malinda Phillips died June 6, 1886.  In the spring of 1886 the doctor's son-in-law went into possession.

Mrs. Patterson and Miss Phillips lived with Dr. Arnold. Mrs. Patterson died in October, 1883, leaving surviving her no children but four grandchildren, *viz.*: Lillie C. Arnold, Susan E. Arnold, since intermarried with William P. Davenport, Hopa L. Arnold, since intermarried with Amasa S. Goode, and William H. Arnold, children of Isabella Arnold, deceased, who was a daughter of said Lavina Patterson, and who died prior to the death of said Lavina Patterson, the latter dying intestate. January 20, 1887, the will of Malinda Phillips, dated April 26, 1884, was admitted to probate. The following appears in the introduction to the will:

"Having some years ago disposed of my real estate by deed to my now deceased sister, Mrs. Lavina Patterson, for the use of her and her offspring, which deed has not yet been delivered, but will be delivered at my death, I now will and bequeath," etc., and no further reference is made to said real estate.

At the time this deed was signed and acknowledged, Miss Phillips and Mrs. Patterson occupied the same room, and jointly used the furniture thereof until Mrs. Patterson's death, in 1883; where the deed was in the meantime the testimony does not disclose, except that Dr. Arnold testifies that on one occasion he requested to see the deed, and Mrs. Patterson, in the absence of Miss Phillips, proceeded to the room and from a chest or drawer therein, used by Miss Phillips and Mrs. Patterson in common, took the deed and exhibited it to him and then returned it to the same place. This is the only time this deed was known to have been even temporarily out of the possession of Miss Phillips during her lifetime.

The court below entered the following decree:

"And now, December 16, 1887, this matter came on to be heard and was argued by counsel; and now, December 27, 1887, after consideration thereof, the court being of opinion under the evidence submitted that the deed from Malinda Phillips to Lavina Patterson dated December 8, 1865, was not delivered prior to the death of the said Malinda Phillips, it is ordered and decreed that the appeal of Lillie C. Arnold et al. be dismissed."

From this decree Susan E. Davenport, one of the appellants below, took this appeal and assigned as error the action of the court: (1) In finding that the deed was not delivered prior to

the death of Malinda Phillips; and (2) in dismissing the appeal.

*Wycoff & Reppert* and *Morrow & Hertzog,* for appellant.— There are three modes contemplated by the collateral inheritance act (act of April 7, 1826, Purdon's Digest, 259, 260), in which estates may pass from those who are seised and possessed of the same: (1) By death with a will; (2) by death without a will, or dying intestate; and (3) by transfer by deed, bargain, or sale, made or intended to take effect after the death of the grantor or bargainor. Com. v. Eckert, 53 Pa. 102.

Before the commonwealth is entitled to recover any collateral inheritance tax it must show: (1) That the property on which tax is claimed existed; (2) that such property had been seised by some person or body politic; (3) that it has passed from the owner to some other person or persons, body politic, etc., in one of the three ways above enumerated; and (4) that it must not have so passed until the death of the person so possessed and seised.

It is well settled that between private individuals the onus is on the grantor and those claiming under him to show that there was no absolute delivery. Blight v. Schenck, 10 Pa. 285, 51 Am. Dec. 478.

In view of Malinda Phillips' declarations it would have made no difference if the deed had been found among her papers. Stinger v. Com. 26 Pa. 422.

*A. D. Boyd* for appellee.

PER CURIAM:

It is too plain for argument that if the deed from Malinda Phillips to Lavina Patterson was not delivered until after the death of the grantor, the real estate in controversy was subject to the collateral inheritance tax. The court below has found that in point of fact the deed was delivered after the death of the said Malinda Phillips, and there is nothing before us which would justify us in reversing this finding.

The decree is affirmed and the appeal dismissed, at the costs of the appellant.